# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 | CIVIL ACTION NO: 2:19-cv-00571-JAW |
| Plaintiff | PLAINTIFF'S FINAL PRETRIAL MEMORANDUM |
| vs. | RE:<br>483 Cape Road, Hollis Center, ME 04042 |
| Jeanne MacDonald a/k/a Jeanne Iva MacDonald | Mortgage:<br>May 13, 2005<br>Book 14463, Page 88 |
| Defendant | |
| Pine Tree Waste, Inc. | |
| Party-In-Interest | |

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4. The Plaintiff will submit evidence sufficient to establish each of the necessary elements of its case for Foreclosure and Sale and related claims as set forth in detail below. Specifically, the evidence to be submitted proves:

**FACTUAL BACKGROUND:** Notice in conformity with 14 M.R.S.A. § 6111 and/or the Note and Mortgage was made upon the Defendant, Jeanne MacDonald a/k/a Jeanne Iva MacDonald, by certified mail, return receipt requested, pursuant to 14 M.R. S.A. § 6111. This Notice included, but was not limited to, the Defendant` (mortgagor's) right to cure and time period therefor; and each of the statutory elements.

The information derived from the Plaintiff's business records will establish each of the

elements of Foreclosure and Sale is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule) and the standard established under *U.S. Bank v. Jones*. *See* 330 F. Supp.3rd 530, 540 (D.Me. June 26, 218), *affirmed by,* 925 F.3d 534 (1st Cir., May 30, 2019), *rehearing and rehearing en banc denied* on July 23, 2019 (1st Cir. Holding (1) the district court did not abuse its discretion in finding that the loan history, including that of the prior loan servicer, was sufficiently reliable so as to be admitted under Fed.R.Evid. 803(6); and (2) the district court's admission of the history did not violate Fed.R.Evid. 901, 1001 or 1002); *see also Bank of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, 2020 WL 6165853 (Oct. 22, 2020) *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924, (Feb. 25, 2021).

The facts to be established by the evidence include the execution of the Note and Mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this Note, the amount due, and evidence to be submitted entitles the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322. *See Jones*, 330 F. Supp.3rd at 535; *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101, ¶10, 28 A.3d 1158, 1164 (2011); *Chase v. Higgins*, 2009 ME 136, ¶11, 9985 A.2d 508, 510-511 (2009); *see also Abbot v. LaCourse*, 2005 ME 103, ¶10, 882 A.2d 253, 255 (2005); *Simansky v. Clark*, 128 ME 280, 147 A. 205 (1929) (the promissory note need only be produced at trial and the suit cannot be defeated by questioning the standing of the party entitled to enforce a promise).

A Note, secured by a mortgage, is a negotiable instrument, and therefore, it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the Note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See Cloutier,* 2013 ME 17 at ¶ 15. It is well-settled that the

"holder of a negotiable instrument and the other parties listed in § 3-1301 are the 'only' parties entitled to enforce a negotiable instrument." *Green Tree Servicing, Inc. v. Corsetti*, Cumb. Sup. Ct. Docket No. RE-11-419, *citing Mortgage Electronic Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 12, 2 A.3d 289, 296 (Me. 2010); *see also Cloutier*, 2013 ME 17.  Plaintiff holds the Note through its agent, Doonan, Graves & Longoria, LLC.  The Note is a self-authenticating document pursuant to Fed.R.Evid. 902(9).   As certified copies of public records, the Mortgage and Assignments are also self-authenticating documents.  *See also* Fed.R.Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property.  *See U.S. Bank v. Gordon,* 2020 ME 33, ¶8, 2020 WL 1270494 *1 (March 17, 2020) ("The plain language of Rule 803(14) allowed the court to admit the copy of the 2016 ratification.  The 2016 ratification 'purports to … affect an interest in property,'...by purporting to effectuate an assignment of the mortgage...The court did not abuse its discretion by admitting the copy of the 2016 ratification.") (quoting Rule 803(14); *see also Gordon*, 2020 ME 33, ¶ 14, 2020 WL 1270494, at *2 (Horton, J., concurring) (concurring that the Judgment should be affirmed on the ground that the original MERS Assignment was sufficient to confer standing).  As such, the foundational requirements of Rule 803(6) are met as argued above, but not required, and Plaintiff's exhibits are admissible on this ground as well.  The loan history and account summary reflecting the payments and charges on the account as well as the total due are, likewise, business records that are admissible under Fed.R.Evid. 803(6). *Jones*, 330 F. Supp.3d at 540, *see also Bank of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, ¶ 1, 2020 WL 6165853 *1; *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924.  The records to be introduced through the business records witness are made at or near the time of the events in question by a person with knowledge of the contents of the record, in the course of a regularly

conducted business activity. *See Wallace Motor Sales, Inc. v. Am. Motor Sales Corp.*, 780 F.2d 1049, 1060 (1ˢᵗ Cir. 1985) (citing Fed.R.Evid. 803(6)). The records are properly admitted notwithstanding the fact that they include records incorporated from prior servicers. *Jones*, 925 F.3d at 537-538, *citing FTC v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 n. 15 (1ˢᵗ Cir. 2020) (holding that integrated business records satisfy Rule 803(6) without requiring an extension of that Rule); *United States v. Doe*, 960 F.2d 221,223 (1ˢᵗ Cir. 1992); *see also United States v. Trenkler,* 61 F.3d 45, 57-58 (1ˢᵗ Cir. 1995); *United States v. Nivica*, 887 F.2d 1110, 1126-27 (1ˢᵗ Cir. 1989) (noting that, where insufficient foundation was laid to admit financial documents as business records, the district court had discretion to admit the document under the residual exception set forth in Rule 807). *See also Bank of New York Mellon v. Shone*, 2020 ME 122; *Deutsche Bank v. Clifford*, 2021 ME 11.

**WITNESSES:**

1. Jeanne MacDonald a/k/a Jeanne Iva MacDonald
2. Representative of Select Portfolio Servicing, Inc., servicer for the holder and note for Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2

**EXHIBITS:**

1. Promissory Note in the amount of 119,920.00, executed by Jeanne MacDonald a/k/a Jeanne Iva MacDonald on May 13, 2005, for the benefit of Long Beach Mortgage Company.
2. Mortgage Deed securing the residence located at 483 Cape Road, Hollis Center, ME 04042, executed by Jeanne MacDonald a/k/a Jeanne Iva MacDonald on May 13, 2005, for the benefit of Long Beach Mortgage Company, recorded in the York County Registry of Deeds in **Book 14463, Page 88**.
3. Assignment of Mortgage to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2 by virtue of an Assignment of Mortgage dated December 4, 2008, and recorded in **Book 15562, Page 900**.
4. Assignment of Mortgage to Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 by virtue of an Assignment of Mortgage dated June 29, 2016, and recorded in **Book 17302, Page 344**.
5. Notice of Mortgagor's Right to Cure to Jeanne MacDonald a/k/a Jeanne Iva MacDonald dated September 16, 2019.
6. Affidavit of Commencement of Foreclosure recorded January 3, 2020.
7. Loan History of subject mortgage.
8. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating

that Defendant is not in the military.

Respectfully Submitted,

Dated:  October 1, 2021

<u>/s/ Reneau J. Longoria, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq., hereby certify that on October 1, 2021, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Jeanne MacDonald a/k/a Jeanne Iva MacDonald
483 Cape Road
Hollis Center, ME 04042

Pine Tree Waste, Inc.
87 Pleasant Hill Road
Scarborough, ME 04074